SLIP OPINION

Cite as 2016 Ark. App. 315

# ARKANSAS COURT OF APPEALS

DIVISION II
No. CV–16–2

| | |
|---|---|
| LINCOLN PUBLIC SCHOOLS AND ARKANSAS SCHOOL BOARDS ASSOCIATION<br><br>APPELLANTS<br><br>V.<br><br>DEANNA SECRIST<br><br>APPELLEE | **Opinion Delivered** JUNE 8, 2016<br><br>APPEAL FROM THE ARKANSAS WORKERS' COMPENSATION COMMISSION<br>[NOs. G104112 & G105611]<br><br>REVERSED |

## DAVID M. GLOVER, Judge

The issue in this workers' compensation appeal is whether the Arkansas Workers' Compensation Commission's decision that appellee Deanna Secrist successfully proved she suffered a mental injury in the form of depression as a result of her compensable back injury is in error. The administrative law judge (ALJ) found Secrist had not proved she suffered a compensable mental injury; the Commission reversed that finding. Appellants Lincoln Public Schools and the Arkansas School Boards Association now appeal, arguing the Commission's decision is not supported by substantial evidence and is in error as a matter of law. We reverse.

Secrist suffered a compensable back injury in September 2010 while employed by appellant Lincoln Public Schools and was assigned a seven percent anatomical–impairment rating for that injury in May 2011. In April 2012, she underwent an osteotomy of the spine at L5–S1 for a correction of sagittal and coronal plane balance, with a postoperative diagnosis of L5–S1 disk herniation with grade 5 annular tear at L5–S1 with sagittal plane imbalance and extreme lateral disk herniation with bilateral lower extremity pain L5 distribution. Secrist

underwent physical therapy after surgery and reported she was progressing well; however, she began to have pain, and she was referred to Dr. Mary Daut in January 2014 for pain management. Dr. Daut's assessment of Secrist in January 2014 included "[d]epressive order, not otherwise classified." Rhonda Finley, an APN who had seen and followed Secrist since her surgery, noted in January 2014 she had exhausted all she knew to do regarding Secrist's complaints of pain and opined that Secrist would benefit from seeing a physiatrist and a pain specialist.

Secrist began treating with Dr. John Childers, a psychologist and licensed professional counselor, in March and April 2014. Secrist did not return to Dr. Childers until October 2014. In his notes of October 14, 2014, Dr. Childers wrote the following:

Symptoms of depression

- Crying more
- Want to leave the house and go do things but body doesn't allow me
- Wanting to sleep
- Sleeping 1–2 hours due to pain
- Social withdrawal
- Fatigue; low energy
- [Unintelligible] is an effort
- Bad days I don't get dressed 3–4 days out of 7
- No suicidal ideation

In a fax to Dr. Regina Thurman, Dr. Childers attached his October 14, 2014 notes, as well as a document entitled "Symposium Checklist 90-R"; he noted Secrist appeared to be experiencing symptoms of depression and anxiety and requested coordination from Dr. Thurman in prescribing an antidepressant. Appellants denied Dr. Childers's treatment on the basis that Secrist's depression was not a compensable injury. The ALJ denied benefits for

Secrist's depression; the Commission reversed the ALJ, finding Secrist had proved her depression was a result of her compensable injury and was therefore compensable.

When reviewing a decision of the Commission, we view the evidence and all reasonable inferences deducible therefrom in the light most favorable to the findings of the Commission. *Flores v. Wal-Mart Distrib.*, 2012 Ark. App. 201. If the Commission's decision is supported by substantial evidence—evidence that a reasonable mind might accept as adequate to support the Commission's conclusion—this court must affirm. *Id.* The Commission's decision is reversed only if the appellate court is convinced that fair-minded persons could not have reached the same conclusion with the same facts before them. *Id.*

Arkansas Code Annotated section 11-9-113 (Repl. 2012) provides the framework under which a mental injury may be deemed compensable for purposes of workers' compensation law:

> (a)(1) A mental injury or illness is not a compensable injury unless it is caused by physical injury to the employee's body, and shall not be considered an injury arising out of and in the course of employment or compensable unless it is demonstrated by a preponderance of the evidence; provided, however, that this physical injury limitation shall not apply to any victim of a crime of violence.
>
> (2) No mental injury or illness under this section shall be compensable unless it is also diagnosed by a licensed psychiatrist or psychologist and unless the diagnosis of the condition meets the criteria established in the most current issue of the Diagnostic and Statistical Manual of Mental Disorders.[1]

It is the Commission's duty to make and enter findings of fact and conclusions of law; the Commission must make findings on all facts that are relevant to the contested issues in order

---

[1]We will refer to the Diagnostic and Statistical Manual of Mental Disorders as the DSM or the DSM-5, which is the most current issue at this time.

that the appellate courts may determine whether the Commission has resolved the issues in conformity with the law. *Arkansas Dep't of Parks & Tourism v. Price*, 2016 Ark. App. 109, 483 S.W.3d 320. Workers' compensation statutes are strictly construed; when a statute is clear, it is given its plain meaning, and legislative intent must be gathered from the plain meaning of the language used. *CNA Ins. Co. v. Arkansas Children's Hosp.*, 2011 Ark. App. 671, 386 S.W.3d 631. Issues of statutory and rule construction are reviewed de novo, as it is for the appellate courts to decide what a statute means. *Id.*

It is undisputed Secrist suffered a compensable physical injury to her back, and Dr. Childers, a licensed psychologist, stated in a note to Dr. Regina Thurman on October 23, 2014, that Secrist appeared to be experiencing depression and anxiety. The issue on appeal is whether the diagnosis meets the established criteria for depression in the most current issue of the DSM such that it can be considered to be a compensable consequence of Secrist's compensable back injury. We hold that it does not.

The Commission found Secrist suffered from major depressive disorder. The diagnostic criteria for major depressive disorder include:

A. Five (or more) of the following symptoms have been present during the same 2–week period and represent a change from previous functioning; at least one of the symptoms is either (1) depressed mood or (2) loss of interest or pleasure.
**Note:** Do not include symptoms that are clearly attributable to another medical condition.
1. Depressed mood most of the day, nearly every day, as indicated by either a subjective report (e.g., feels sad, empty, hopeless) or observation made by others (e.g., appears tearful). (**Note:** In children and adolescents, can be irritable mood.)

2. Markedly diminished interest or pleasure in all, or almost all, activities most of the day, nearly every day (as indicated by either subjective account or observation).

3.  Significant weight loss when not dieting or weight gain (e.g., a change of more than 5% of body weight in a month), or decrease or increase in appetite nearly every day. (**Note:** In children, consider failure to make expected weight gain.)
4.  Insomnia or hypersomnia nearly every day.
5.  Psychomotor agitation or retardation nearly every day (observable by others, not merely subjective feelings of restlessness or being slowed down).
6.  Fatigue or loss of energy nearly every day.
7.  Feelings of worthlessness or excessive or inappropriate guilt (which may be delusional) nearly every day (not merely self-reproach or guilt about being sick).
8.  Diminished ability to think or concentrate, or indecisiveness, nearly every day (either by subjective account or as observed by others).
9.  Recurrent thoughts of death (not just fear of dying), recurrent suicidal ideation without a specific plan, or a suicide attempt or a specific plan for committing suicide.

B.  The symptoms cause clinically significant distress or impairment in social, occupational, or other important areas of functioning.

C.  The episode is not attributable to the physiological effects of a substance or to another medical condition.

*Diagnostic and Statistical Manual of Mental Disorders*, 160–61 (5th ed. 2013).

In its decision awarding Secrist benefits, the Commission found

Dr. Childers reported on October 14, 2014, that the claimant was suffering symptoms which included increased crying, fatigue, insomnia, and social withdrawal. The *Diagnostic and Statistical Manual of Mental Disorders*, Fifth Edition, p. 160, lists the diagnostic criteria for Major Depressive Disorder. At least five or more symptoms must be present during a two-week period, including 1. Depressed mood most of the day; 2. Markedly diminished interest or pleasure in all, or almost all, activities most of the day; 4. Insomnia or hypersomnia nearly every day; 6. Fatigue or loss of energy nearly every day; and 8. Diminished ability to think or concentrate nearly every day. The evidence in the present matter, based on the medical records, Dr. Childers' reports, and the claimant's testimony, demonstrates that Dr. Childers' diagnosis of depression meets the criteria in the DSM-5.

The Full Commission finds that the claimant proved by a preponderance of the evidence that she sustained a compensable mental injury, Major Depressive Disorder,

which was caused by physical injury to the claimant's body. The evidence shows that the claimant's complaints of pain emanating from her compensable injuries resulted in a diagnosis of Major Depressive Disorder. The evidence shows that a licensed psychologist diagnosed the mental injury, and the evidence shows that the diagnosis meets the criteria established in the most current issue of the Diagnostic and Statistical Manual of Mental Disorders, namely, the DSM-V.

In accordance with statutory law, as a licensed psychologist, Dr. Childers was the only medical professional who saw Secrist who could diagnose depression as a compensable injury under the workers' compensation statute. The DSM criteria for depression were not admitted into evidence before the Commission, and Dr. Childers never referred to the DSM in his minimal notes regarding Secrist's depression and anxiety. In *Hope Livestock Auction Co. v. Knighton*, 67 Ark. App. 165, 992 S.W.2d 826 (1999), this court held that, while it was preferable for a psychiatrist or psychologist to correlate the basis of his opinion to the DSM criteria when diagnosing a mental injury or illness, it also recognized the Commission's expertise and its ability to translate medical testimony into findings of fact. In *Polk County v. Jones*, 74 Ark. App. 159, 47 S.W.3d 904 (2001), we held that the Commission can, and indeed should, refer to a manual that is not in the record when by law the manual must be consulted to decide an issue in dispute.

For a diagnosis of major depressive disorder, the DSM-5 requires five or more of the nine symptoms listed above; those symptoms must be present during the same two-week period; the symptoms must represent a change from previous functioning; and at least one of the symptoms must be either depressed mood or loss of interest or pleasure. The Commission found Secrist presented with five of the nine symptoms—specifically, depressed mood most of the day; markedly diminished interest or pleasure in all, or almost all, activities most of the

day; insomnia or hypersomnia nearly every day; fatigue or loss of energy nearly every day; and diminished ability to think or concentrate nearly every day.

The only discussion of Secrist's symptoms was found in Dr. Childers's notes of October 14, 2014. Applying the Commission's findings to these notes, the finding of a depressed mood is arguably supported by the notations that Secrist was crying more, was socially withdrawn, and did not get dressed three or four days per week; the finding of markedly diminished interest or pleasure in all, or almost all, activities is arguably supported by the finding that Secrist was socially withdrawn; the finding of insomnia or hypersomnia is supported by Dr. Childers's findings that Secrist wanted to sleep, but was in fact only sleeping one to two hours due to her pain; and the finding of fatigue or loss of energy is supported by Dr. Childers's specific finding that Secrist was fatigued and had low energy. However, none of Dr. Childers's findings provide a foundation for the Commission's finding that Secrist had a diminished ability to think or concentrate. While we recognize the Commission's ability to translate medical evidence into findings of fact, there must be substantiated medical evidence from which the Commission could glean support for such a finding of fact. Additionally, there is no time frame in Dr. Childers's October 2014 notes to indicate that these symptoms all occurred within the same two-week period as required by the DSM, and there is nothing to indicate the frequency of the symptoms, i.e., most of the day or nearly every day, also required by the DSM.

Arkansas Code Annotated section 11-9-113 requires that the diagnosis of a mental injury or illness, in this case major depressive disorder, must meet the criteria established in

the most current issue of the DSM in order to be compensable under our workers' compensation statutes. Here, the Commission found Secrist had established five of the nine symptoms listed in the DSM for major depressive disorder and had proved a compensable mental injury; however, Dr. Childers's medical evidence establishes, at best only four of the five symptoms found by the Commission, and it does not comport with the requirement that all of these symptoms be present in the same two-week period or with the frequency requirements.  Because the supporting medical evidence does not meet the established criteria for depression in accordance with the DSM-5, we hold Secrist did not meet her burden of proving a compensable mental injury under the workers' compensation statutes. Therefore, we reverse.

Reversed.

ABRAMSON and HIXSON, JJ., agree.

*Bassett Law Firm LLP*, by: *Curtis L. Nebbon*, for appellants.

*Tolley & Brooks, P.A.*, by: *Evelyn E. Brooks*, for appellee.